## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

TIMOTHY M. WHITE,          )
                                     )
                Plaintiff,      )
                                     )     Case No. 15-CV-231-JED-PJC
v.                             )
                                     )
ROBERT A. McDONALD, Secretary of  )
the Department of Veterans Affairs, and  )
LEIGH A. BRADLEY, General Counsel  )
of the Department of Veterans Affairs,  )
                                     )
               Defendants.    )

## OPINION AND ORDER

Plaintiff is an attorney who served Freedom of Information Act (FOIA) requests upon the United States Department of Veterans Affairs (VA) for the VA claim files of 16 of the plaintiff's clients. After he did not receive the records within the time-frame provided in FOIA, plaintiff filed this suit. Before entering an appearance in the case, the government provided responses and the requested claims files to the plaintiff. (*See* Doc. 5-1). The government then moved for summary judgment.

Under FOIA, a private party is entitled to copies of a federal agency's records upon making a request that "'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. Federal Bureau of Investigation*, 572 F.3d 794, 796 (10th Cir. 2009) (quoting 5 U.S.C. § 552(a)(3)(A)). "When a request is made, the agency ordinarily must 'determine within 20 [business] days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor. . . .'" *Id.* at 796-97 (quoting 5 U.S.C. § 552(a)(6)(A)(i)). "If the agency decides not to comply, the requester can seek relief in federal court," and the district courts have

"'jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'"  *Id.* at 797 (quoting 5 U.S.C. § 552(a)(4)(B)).

Numerous courts have concluded that, once an agency has produced requested records, even belatedly, a plaintiff's FOIA claim becomes moot, and the tardy production does not preclude a governmental agency from obtaining summary judgment or dismissal.  *See, e.g., Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Walsh v. United States Dep't of Veterans Affairs*, 400 F.3d 535, 536-37 (7th Cir. 2005); *Information Network for Resp. Mining v. Department of Energy*, No. 06-CV-2271-REB-CBS, 2008 WL 762248, *2-3 (D. Colo. Mar. 18, 2008); *see also Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) ("Defendants correctly cite authority for the proposition that the production of all nonexempt material, 'however belatedly,' moots FOIA claims.").

In response to the summary judgment motion, plaintiff admitted that he had received 14 of the 16 claims files, but asserted that he had not yet received the files of Joseph Ariza and Ricky Lee.  (*See* Doc. 6).  The United States replied and provided information that those files "were, in fact, delivered to Plaintiff's counsel . . . on June 24, 2015, and signed for by "Applegate."  (Doc. 8, 8-1).  According to the government, plaintiff's counsel confirmed that Applegate is an employee but indicated that plaintiff's counsel had "been unable to ascertain whether or not the records were received."  (Doc. 8 at 2).  At the plaintiff's request, the government then retransmitted the Ariza and Lee claims files to the plaintiff in electronic form. (*Id.*).  The plaintiff has not requested leave to file a surreply or otherwise challenged the government's representations that all 16 of the claims files have now been produced.  As a result, summary judgment should be entered in favor of the government, as there is no genuine dispute

2

of material fact, and the government is entitled to judgment as a matter of law. *See* Fed. R. Civ.

P. 56(a).

IT IS THEREFORE ORDERED that the government's motion for summary judgment

(Doc. 5) is hereby **granted**.

SO ORDERED this 24th day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE